CHRISTOPHER P. BURKE, ESQ.
Nevada Bar No.: 004093
*attycburke@charter.net*
702 Plumas St.
Reno, NV 89509
(775) 333-9277
Attorney for Plaintiff
Christopher Marino

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

|  |  |
|---|---|
| Christopher Marino, individually and on behalf others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| Ocwen Loan Servicing, LLC. c/o Resident Agent CSC Services of Nevada Inc. 2215-B Renaissance Dr. Las Vegas, NV 89119 | ) ) ) ) ) ) ) |
| Defendant. | ) ) ) |

Case No.: _____

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, Christopher Marino ("Marino"), for his Class Action Complaint against the Defendant, Ocwen Loan Servicing, LLC ("Ocwen") alleges and states:

1.  Plaintiff brings this action to secure redress for Defendant Ocwen's course of conduct that included accessing plaintiff's credit report without consent or any lawful reason, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.

2.  Venue is properly before this Court because the Plaintiff Marino was a resident of and domiciled in this District at the time of the acts complained of that caused injury.

1

**PARTIES**

3.     Plaintiff is an individual who was a resident and domiciled in the State of
Nevada.

4.     Defendant, Ocwen, is an entity formed under the laws of the State of
Delaware with its principal place of business in Florida.

5.     The Defendant has willfully and intentionally participated in the wrongful
conduct complained of herein and caused injury to the Plaintiff and others
similarly situated to the Plaintiff.


**CLASS DEFINITION**

6.     Marino also sues on behalf of others who are similarly situated to Marino.
This class of persons consists of the fallowing persons:

a.     Any person in the United States, except for residents of New
Hampshire and Maryland, who obtained a discharge of their debt
through a bankruptcy proceeding and after the discharge, the
Defendant pulled or obtained a consumer report about that person
without a permissible purpose or written authorization within the 5
year period preceding the filing of this complaint. The class
excludes any person who falls within the definition, if the person is
(I) an employee or independent contractor of the Defendant; (ii) a
relative of an employee or independent contractor of the Defendant;
or (iii) an employee of the Court where this action is pending. This
definition may be amended or modified.

**FACTS**

7.    On March 15, 2013, Marino filed a Chapter 7 bankruptcy proceeding under Title 11 before the United States Bankruptcy Court for the District of Nevada. Prior to the bankruptcy filing, the Defendant had entered into a loan secured by a mortgage. The loan was serviced by the Defendant.

8.    As a result of the bankruptcy proceeding, on June 18, 2013, Marino was granted a discharge of his in personam liability for debts, including any debt owed for the loan secured by a mortgage that was serviced by Ocwen.

9.    There was no other in personam relationship established or created between Marino and Ocwen after Marino filed his bankruptcy on March 15, 2013.

10.    Marino did not seek credit of any type from Ocwen after his bankruptcy filing.

11.    Ocwen knew of Marino's bankruptcy filing and the grant of a discharge. Ocwen filed a motion for relief from the automatic stay in Marino's bankruptcy on June 13, 2013.

12.    Despite the discharge and the absence of any in personam credit relationship between Marino and Ocwen, Ocwen accessed Marino's personal information after the discharge.

13.    Ocwen obtained information from a consumer reporting agency about Marino on at least two different occasions: January 28, 2014 and April 18, 2014.  Marino was not aware of these intrusions more than 2 years before the filing of this complaint.

14.    Marino had not requested credit from the Defendant, nor was it a replacement for any other credit Marino had.

15.    Marino had not authorized Defendant to obtain his private credit report or any information.

3

# CLASS ALLEGATIONS

16.     This action is also brought as a Class Action under **Rule 23** of the Federal Rules of Civil Procedure. Plaintiff proposes to represent himself and the class defined above.

17.     The named Plaintiff falls within the Class definition below and is a Class Member.

18.     The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the Class are readily identifiable from the information and records in the possession, custody or control of the Defendant and the records of the consumer reporting agencies since they charge the Defendant for each pull made by it.

19.     Upon information and belief, the Class is sufficiently numerous such that individual joinder of all members is impractical. This allegation is based on the fact that Defendant is a substantial servicer across the country and in Nevada.

20.     There are questions of law and fact common to the Class which predominate over any questions affecting only the individual members of the Class and, in fact, the wrongs alleged against the Defendant are identical. The common issues include, but are certainly not limited to:

(I)     Whether the Defendant obtained or pulled information about the Plaintiff and members of the Class from a consumer reporting agency;

(ii)    Whether the Defendant can show any permissible purpose or written authorization to obtain or pull private credit information about the Plaintiff or the members of the Class;

(iii)   Whether the Defendant acted willfully, as that term has been interpreted under the FCRA, when it pulled or obtained the private information about the Plaintiff or other members of the Class;

(iv)   The amount of statutory damages to be assessed against the Defendant;

(v)    Whether an award of punitive damages against Defendant is appropriate.

21.   The Plaintiff's claims are the same as each member of the Class and are based on the same legal and factual theories.

22.   There is nothing unusual about the Plaintiff to warrant a material difference between his claims and the claims of the members of the class.

23.   Defendant's likely defenses (though unavailing) are and will be typical of and the same or identical for each of the Class Members and will be based on the same legal and factual theories. There are no valid, unique defenses.

24.   The named Plaintiff will fairly and adequately represent and protect the interest of the Class.

25.   The named Plaintiff has retained counsel that is experienced in consumer litigation. The named Plaintiff's co-counsel is also experienced in consumer cases including having been appointed as Class counsel in a number of Class actions asserting claims under consumer protection laws.

26.   The named Plaintiff does not have any interests antagonistic to the members of the Class.

*Certification Under Fed. R. Civ. P. 23(b)(2) and (b)(3)*

27.   The Defendant has acted on grounds that apply uniformly across the Class, so that the statutory relief afforded pursuant to **15 U.S.C. §1681n** is appropriate respecting the Class as a whole. Further, the common questions predominate over any individual questions and a class action is

superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of Class members' claims, and economies of time, effort, and expenses will be fostered and uniformity of decisions will be ensured.

28. There are no individual questions to establish the claims of the Plaintiff and the Class Members. The claims are based on the failure of the Defendant to have either a permissible purpose or written authorization to pull or obtain the private information of the Plaintiff and members of the class.

29. Plaintiff's claims are typical of the claims of the class members.

30. The Class members have suffered damages, losses, and harm similar to those sustained by the named Plaintiff. This includes the invasion of their privacy. All are entitled to the statutory damages allowed by the FCRA and to any punitive damages that may be awarded.

## COUNT I - FAIR CREDIT REPORTING ACT

31. Marino incorporates the foregoing paragraphs.

32. The FCRA, 15 U.S.C. §1681b, provides it is only permissible to obtain a credit report on a consumer with the written consent of the consumer or for certain "permissible purposes, which insofar as pertinent are the extension of credit to, or review or collection of an account of the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer.

33. The requester must affirmatively certify to the consumer reporting agency that a permissible purpose exists. 15 U.S.C. §1681b(f).

34. Defendant, acting in concert with others, obtained or pulled the consumer report of Marino and the members of the class without written permission or a "permissible purpose."

6

35. To obtain the consumer report of Marino and the other class members, the Defendant had to affirmatively certify that it had either written consent or a permissible purpose.

36. The Defendant knew that it did not have either written consent or a permissible purpose.

37. The FCRA, 15 U.S.C §1681q, provides:

> § 1681q. Obtaining information under false pretenses
>
> Any person who knowingly and willfully obtains information on a consumer from a reporting agency under false pretenses shall be fined under Title 18, United States Code, imprisoned for not more than 2 years, or both.

38. The Defendant obtained information about Marino and the other class members under false pretenses since the Defendant did not have a permissible purpose or written permission.

39. The FCRA, 15 U.S.C. § 1681n, provides:

> §1681n. Civil liability for willful noncompliance
>
> (a) In general. Any person who willfully fails to comply with any requirement imposed under this Title [15 USC §§ 1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of -
>
> (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more that $1,000; or
>
> (B) in the case of liability of a natural person for obtaining a consumer report under false pretense or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

1    (2) such amount of punitive damages as the court may allow;

2    and

3    (3) in the case of any successful action to enforce any liability

4    under this section, the costs of the action together with reasonable

5    attorney's fees as determined by the court.

6    40.   The FCRA, 15 U.S.C §1681p, provides:

7    § 1681p. Jurisdiction of courts; limitation of actions

8    An action to enforce any liability created under this tittle [15 USC §§ 1681

9    et seq..] may be brought in any appropriate United States district court

10   without regard to the amount in controversy, or in any other court of

11   competent jurisdiction, within two years from the date on which the

12   liability arises, except that where a defendant has materially and willfully

13   misrepresented any information under this title [15 USC §§ 1681 et seq.] to

14   be disclosed to an individual and the information so misrepresented is

15   material to the establishment of the defendant's liability to that individual

16   under this title [15 USC §§ 1681 et seq.] the action may be brought at any

17   time within two years after the discovery by the individual of the

18   misrepresentation.

19   41.   The Plaintiff and the other class members have had their privacy illegally

20   invaded as a result of Defendant's willful actions and they are entitled to

21   statutory damages allowed by the FCRA.

22   42.   The Defendant's actions support an award of punitive damages since they

23   acted knowingly including making false certifications to pull or obtain the

24   private information of the Plaintiff and other class members.

25

26

27

28                                          8

Wherefore, the Plaintiff prays for the following relief and judgement in his favor and the other members of the class and against the Defendant:

a.      The Court certify a class of persons defined herein as may be modified or amended;

b.      Appoint Plaintiff and his counsel to represent the class certified;

c.      Award statutory damages to the Plaintiff and each class member;

d.      Award punitive damages against the Defendant;

e.      Award the Plaintiff and Class their costs, including attorney fees.

f.      Award such other and further relief as may be appropriate and proper.

Respectfully submitted,

Christopher Marino
By his Attorneys,

Dated: April 12th  2016

/s/ Christopher P. Burke, Esq.
Christopher P. Burke, Esq.
Nevada Bar No.: 004093
*attycburke@charter.net*
702 Plumas St.
Reno, NV 89509
(775) 333-9277
and

Scott C. Borison
(Pro Hac Vice to be filed)
Legg Law Firm, LLP
1900 S. Norfolk Rd. Suite 350
San Mateo, CA 94403
(301) 620-1016
Fax: (301) 620-1018
Borison@legglaw.com

*Attorneys for Plaintiff*

9