UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE OCWEN LOAN SERVICING LLC LITIGATON | Lead Case No. 3:16-cv-00200-MMD-WGC<br><br>Member Cases:<br>3:16-cv-00483-MMD-WGC<br>3:16-cv-00498-MMD-WGC<br>3:16-cv-00603-MMD-WGC |
| | ORDER |

**I.　SUMMARY**

Defendant Ocwen Loan Servicing, LLC ("Ocwen") moves for summary judgment ("Motion") in this matter implicating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* The dispositive issue is whether Ocwen's conduct of accessing the various Plaintiffs' credit information after their personal liabilities on the mortgage loans that Ocwen serviced were discharged in bankruptcy proceedings constitutes a willful violation of the FCRA. The Court will grant the Motion because the Ninth Circuit has already persuasively resolved the issue in a manner favorable to Ocwen. Also before the Court is Plaintiffs' renewed motion to certify class representatives and class counsel (ECF No. 111); the Court will deny this motion as moot in light of its ruling on Ocwen's Motion.[1]

///

///

///

---

[1] In addition to the motions, the Court has considered the accompanying responses (ECF Nos. 112, 116) and replies (ECF Nos. 114, 117).

## II. RELEVANT BACKGROUND[2]

The following facts are undisputed.

Plaintiffs are Christopher Marino, Henry L. Farrin, Jr., Joshua E. Hardin, Kristen Hardin, Dionne Horton, Deonca S. Bourguere, Pernell D. Hobley, and Michael D. Wittreich. (ECF No. 81 at 1, ECF No. 79.)

Ocwen is a servicer of home mortgage loans, including of Plaintiffs' mortgage loans. Sometime after obtaining the loans, Plaintiffs filed for bankruptcy and ultimately obtained discharge of their *personal liabilities* for the mortgage loans that Ocwen serviced. (ECF No. 1.) Despite such discharges, Ocwen performed "soft pulls" of Plaintiffs' credit information. (ECF No. 110 at 11; ECF No. 117 at 2; ECF No. 116 at 5–6.)

Plaintiffs brought separate suits in this Court alleging Ocwen violated the FCRA when it conducted the "soft pull" of their credit information despite discharge of their personal liabilities for the mortgage loans that Ocwen serviced. (*See* ECF No. 1 (3:16-cv-200), ECF No.13 (3:16-cv-483); 1 (3:16-cv-498), ECF No. 2 (3:16-cv-603).) Case number 3:16-cv-483 concerns four Plaintiffs—Horton, Bourguere, Hobley, and Wittreich (collectively, "*Horton* Plaintiffs"). (ECF No. 13 at 1 (3:16-cv-483).) The Court consolidated Plaintiffs' cases under the lead case (3:16-cv-200) and ordered that all further pleadings be filed in the case. (ECF No. 47.)

In their separate complaints, all Plaintiffs, except the *Horton* Plaintiffs, in gist alleged only that Ocwen *willfully* violated FCRA by accessing their consumer credit reports without a permissible purpose. (*See, e.g.*, ECF No. 70 at 2, 10.) The *Horton* Plaintiffs additionally alleged negligence compliance. (*Id.* at 10.) However, the Court found the *Horton* Plaintiffs lacked standing to assert a claim of negligence but permitted them the opportunity to amend to cure the deficiency. (*Id.* at 10–11.) The Court provided the *Horton* Plaintiffs until April 3, 2017, to file the amended complaint, but they failed to do so. (ECF No. 78; *see generally* docket; *see also* ECF No. 71.) Plaintiffs later filed a master complaint on April

///

---

[2]All ECF citations, except as otherwise indicated, are to the lead case 3:16-cv-200.

14, 2017, all asserting the same claim of willful violation[3] of the FCRA against Ocwen. (ECF No. 79.)

Plaintiffs subsequently moved to certify class (ECF No. 95) and Ocwen moved for summary judgment on the shared claim of willful noncompliance (ECF No. 101). Ocwen thereafter filed a motion to stay the case pending a decision by the Ninth Circuit in *Vanamann v. Nationstar Mortgage, LLC* ("*Vanamann II*"), 735 F. App'x 260 (9th Cir. 2018). (ECF No. 96.) The Court granted the motion to stay. (ECF No. 106.) *Vanamann II* was filed on May 18, 2018, *see id.*, and the parties renewed their respective motions. (ECF Nos. 110, 111.)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*,

///

---

[3]In the master complaint Plaintiffs also allege that Ocwen obtained Plaintiffs' credit information under false pretenses which can done either knowingly or willfully. *See* 15 U.S.C.A. § 1681q. However, as Plaintiffs only seek statutory and punitive damages (ECF No. 79 at 11) they must establish willful violation. *See, e.g., Vanamann v. Nationstar Mortgage, LLC* ("*Vanamann II*"), 735 F. App'x 260, 262 (9th Cir. 2018) ("Because she sought statutory and punitive damages rather than compensatory damages, Vanamann must establish that Nationstar 'willfully' violated the Act.").

3

1  477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must
2  produce specific evidence, through affidavits or admissible discovery material, to show
3  that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991),
4  and "must do more than simply show that there is some metaphysical doubt as to the
5  material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting
6  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere
7  existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."
8  *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in
9  the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach &
10 Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

## IV. DISCUSSION

Ocwen's Motion concerns only whether Ocwen has committed a willful violation of the FCRA under 15 U.S.C. § 1681n. (ECF No. 110 at 6; ECF No. 116 at 3; ECF No. 117 at 2.) Plaintiffs seek class certification, contending this is the common issue as between all named Plaintiffs and the proposed class. (*See* ECF No. 111 at 2 (Plaintiffs stating in their motion to certify class that "the common and predominate issue, is whether the Defendant willfully violated the law when it obtained private credit information and scores about the Plaintiffs and the proposed class members from a consumer reporting agency ["CRAs"] after a bankruptcy discharge of its debts").) Because the Court finds that based on *Vanamann II*[4] Plaintiffs cannot succeed on their willful violation claim, the Court will grant summary judgment in favor of Ocwen and deny Plaintiffs' motion to certify class as moot.

///

///

///

---

[4]The Court finds *Vanamann II* persuasive and apply it here, despite Plaintiffs' contention to the contrary (ECF No. 116 at 2, 15). Although not binding precedent, unpublished decisions have persuasive value and may be relied on. *See, e.g.*, *United States v. Loper*, No. 2:14-cr-321-GMN-NJK, 2016 WL 4528959, at *2 n.2 (D. Nev. Aug. 29, 2016) (citing Ninth Cir. R. 36-3) ("Unpublished Ninth Circuit decisions may be cited commencing with decisions issued in 2007.").

4

The FCRA sets forth when consumer information may be shared with others, providing a list of permissible purposes. *See* 15 U.S.C. § 1681b. Relevant to the Motion, CRAs may furnish consumer reports:

> (a)(3) To a person which [the CRA] has reason to believe —
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer or
>
> . . .
>
> (F) otherwise has a legitimate business need for the information — (i) in connection with a business transaction that is initiated by the consumer; or (ii) to review an account to determine whether the consumer continues to meet the terms of the account. 15 U.S.C. § 1681b(a)(3) (emphasis added).

15 U.S.C. § 1681b(a)(3)(A),(F). The FCRA provides for civil liability for three types of violations of § 1681b(a)(3)—violations that are either willful, *id.* at 15 U.S.C. § 1681n; negligent, *id.* at § 1681o; or for obtaining a consumer report "under false pretenses," *id.* at § 1681q.

As noted, only willful violation is at issue here. To establish a willful violation Plaintiffs must establish that Ocwen "engaged in conduct known to violate the [FCRA] or acted in reckless disregard of statutory duty[.]". *Vanamann II*, 735 Fed. App'x at 262 (internal quotations and citations omitted). "With respect to a reckless violation, [Plaintiffs] must show that [Ocwen]'s interpretation of the [FCRA] was objectively unreasonable such that it ran an unjustifiably high risk of violating the statute." *Id.* (internal quotations and citations omitted).

Plaintiffs argue that Ocwen's Motion should be denied because there is a factual dispute as to whether Ocwen had (or has established) any permissible purpose for checking Plaintiffs' credit information after the bankruptcy discharges, contending that Ocwen's reason for the soft pulls is "speculative" apparently because Ocwen "presents a variety of purposes." (ECF No. 116 at 13, 18, 28.) Plaintiffs' FCRA claim is otherwise premised on their argument that after the bankruptcy discharges Ocwen no longer had any basis—or credit relationship with them—for obtaining their credit information, and thus

its action in doing so amounted to a *willful* violation of the FCRA. (*See generally id.*) The Court disagrees with Plaintiffs that Ocwen's purposes for the "soft pulls" are speculative because Ocwen expressly provides its purposes here. *See id.* at 261 (accepting the reasons for which the mortgage servicer admitted it obtained credit information).

Ocwen contends that its permissible purposes for accessing Plaintiffs' credit information falls under § 1681b(a)(3)(A) and (F). (ECF No. 110 at 11; ECF No. 117 at 13–14.) As to § 1681b(a)(3)(A), Ocwen claims it pulled the credit information for review of Plaintiffs' accounts related to their mortgage agreements and the corresponding liens which continue to encumber Plaintiffs' properties even though the personal debts were discharged. (ECF No. 110 at 11; ECF No. 117 at 2–3, 17.) As to § 1681b(a)(3)(F), Ocwen states a myriad of business reasons based on continuing servicing obligations for Plaintiffs' mortgage loan accounts, irrespective of Plaintiffs' bankruptcy status. (*See, e.g.*, ECF No. 117 at 2–3, 13–14, 17.) Particularly relevant to Ocwen's stated purposes is that Plaintiffs do not dispute[5] the following facts which evidence the existence of continuing accounts and business relationships with Ocwen post-discharge:

1) All Plaintiffs remained the title owner of his or her mortgaged property following their bankruptcy discharges.

2) A lien existed on each of Plaintiffs' properties following the bankruptcy discharges and at the time of Ocwen's alleged soft pulls.

3) Plaintiffs Bouguere, Hobley, Wittereich and Farrin all sought loss mitigation opportunities from Ocwen to avoid foreclosure after receiving a discharge (e.g., loan modification, refinancing, account settlement, or deed-in-lieu of foreclosure).

4) Plaintiffs Hobley and Wittreich have regularly made payments on their Ocwen mortgage accounts during their bankruptcies and after receiving a discharge. They continue to make payments on their Ocwen mortgage accounts to this day.

///

---

[5]Plaintiffs statements of disputed and undisputed facts in their opposition to the Motion *at times* appears to only assert Marino's position on the facts. (*See* ECF No. 116 at 7–9.) The Court assumes the references only to Marino are in error, and therefore views the statements as responding on behalf of all Plaintiffs.

> 5) Plaintiffs Hobley and Wittreich currently occupy the properties associated with their Ocwen mortgage accounts.
>
> 6) Plaintiffs Wittreich, Bouguere, and Hobley continued to pay property taxes and property insurance for the properties associated with their Ocwen mortgage accounts after their bankruptcy discharges.
>
> 7) Plaintiffs Marino, Farrin and Bouguere have all executed authorizations allowing Ocwen to access their credit information

(*Compare* ECF No 110 at 8–11 *with* ECF No. 116 at 4–10.)[6]

Relying on *Vanamann II*, the Court finds that Plaintiffs' claim for willful violation of the FCRA fails "as a matter of law." 735 Fed. App'x at 261 ("Vanamann's [FCRA] claim fails as a matter of law."). Ocwen's implicit interpretation that its soft pulls for purposes of its review of Plaintiffs' accounts and its performance of continuing servicing duties is not objectively unreasonable under *Vanamann II*. In *Vanamann II*, the Ninth Circuit concluded that the mortgage servicer's interpretation of the FCRA—that it could check the plaintiff's credit as part of its review of her account after discharge—was not an objectively unreasonable interpretation, "much less" a reckless interpretation, of the FCRA because:

> The plain text of the [FCRA] does not prohibit a mortgage servicer from obtaining a consumer's credit report after a bankruptcy court's discharge of the consumer's mortgage debt. Nor have we interpreted the [FCRA] to prohibit that practice. And the [FCRA] does not require that a consumer have personal liability on a debt in order for a credit check to be authorized.

*Id.* at 262; *see also Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving another—namely, an action against the debtor *in rem*.").

///

---

[6]*See also* ECF No. 110-16 (Marino's hardship affidavit seeking foreclosure prevention alternative); ECF No. 110-5 at 2–4, 8 (Raleigh Decl.); ECF No. 110-6 (Cody Decl.); ECF No. 110-7 at 4–5 (Farrin Depo.); ECF No. 110-8 at 10–11 (Bouguere Depo.); ECF No. 110-9 at 13–14 (Wittreich Depo.); ECF No. 110-10 (phone call from Hobley); ECF No. 110-11 at 2–3, 8, 12, 15–16 (Hobley Depo.); ECF No. 110-14 at 10 (Bouguere's uniform residential loan applications); ECF No. 110-15 at 4 (Farrin's uniform residential loan applications).

In line with *Vanamann II*, Ocwen's post-discharge procurement of Plaintiffs' credit information does not amount to a willful violation of the FCRA because review of a consumer's credit information following discharge of only the consumer's personal liability is not prohibited under FCRA's plain text or by this circuit. Further, a finding of willful violation is insurmountable as Ocwen maintained the right to collect on Plaintiffs' mortgages *in rem* and it is undisputed that all Plaintiffs continued to own their properties after bankruptcy discharge of their personal liabilities. Accordingly, the Court grants Ocwen's Motion (ECF No. 110) and denies Plaintiffs' motion to be certified as class representatives and counsel (ECF No. 111) as moot.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Ocwen's renewed motion for summary judgment (ECF No. 110) is granted.

It is further ordered that Plaintiffs' renewed motion to certify class representatives and class counsel (ECF No. 111) is denied as moot.

It is further ordered that the Clerk of Court enter judgment accordingly and close 3:16-cv-200-MMD-WGC and the member cases.

DATED THIS 19th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE